UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  | Bankruptcy No. | Chapter 13 23-50278 |
|---|---|---|---|
|  |  | Adversary No. |  |

In Re:

Ryan and Alyssa Schulz,

        Debtor,

Ryan and Alyssa Schulz,

        Plaintiffs,

vs.

LeMieux Properties, LLC,

        Defendant.

**ADVERSARY COMPLAINT**

As and for their Adversary Complaint, Plaintiffs Ryan and Alyssa Schulz ("Plaintiffs") states and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs bring this adversary complaint in the above-captioned case, which was filed on June 2, 2023, under Chapter 13 of Title 11, United States Code.

2. Pursuant to Federal Rules of Bankruptcy Procedure, Part VII – Adversary Proceedings, Rule 7008, Plaintiffs consent to entry of final orders or judgment by this Bankruptcy Court.

3. The Court, therefore, has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns debts and property of Plaintiffs and/or the

bankruptcy estate, pursuant to 28 U.S.C. § 1334. This is a core proceeding under 11 U.S.C. § 157(b)(2)(F) and venue is proper under 28 U.S.C. § 1409(a).

## INTRODUCTION

4. This Complaint seeks to remedy violations of the Stay provisions of the Bankruptcy Code by Defendant above-named, who affirmatively continued collection activity after multiple notifications of the filing of a Chapter 13 Voluntary Petition in this case, in violation of the Stay provisions of the Bankruptcy Code, 11 U.S.C. § 362.

## FACTS

5. Plaintiffs are a natural person and a debtor in this proceeding whose debts are "consumer debts" as defined in 11 USC § 101(8).

6. Defendant has a registered office address at 13570 Grove Drive, #357 Maple Grove, MN 55311, and at all times relevant herein conducted business in this district. It is a pre-petition creditor, as the debt it is collecting originated prior to the filing of the aforesaid bankruptcy case.

7. Sometime prior to June of 2023, Plaintiffs incurred a financial obligation with Defendant.

8. On June 2, 2023, Plaintiffs filed a petition under Chapter 13 of the Bankruptcy Code.

9. On June 4, 2023, Defendant received notice of Plaintiffs' bankruptcy via first class mail.

10. On November 7, 2023, Defendant sent a 10-Day Notice for Eviction to Plaintiffs stating that Plaintiffs had a past due balance of $3,985 that needed to be paid in full

by November 17, 2023, or they needed to be out of the apartment by November 18, 2023 at 5:00 pm.

11. On November 8, 2023, McKaylin Grimsley, an agent for Plaintiffs' bankruptcy attorney sent a letter via e-mail to Defendant explaining the Plaintiffs' rights under the Automatic Stay.

12. On November 8, 2023, Julie LeMieux, an agent for Defendant, emailed Ms. Grimsley requesting an update on the past due payments and stating, in part, "It is my understanding that because of their missed payments, we are entitled to petition the court for a relief from stay and re-instate eviction proceedings."

13. On November 20, 2023, Plaintiffs' bankruptcy attorney, Amanda Rosback, emailed Defendant requesting a ledger showing the post-bankruptcy filing rent owed and let Defendant know that a check was being mailed by a third-party for October and November rent.

14. On November 21, 2023, Ms. LeMieux emailed Attorney Rosback stating that because Plaintiffs had full access to their ledger in regard to what they owed, she could request the information from them.

15. On February 27, 2025, Defendant sent Plaintiffs a Notice to Quit and informed Plaintiffs they will not be renewing their month-to-month lease and must vacate the property no later than March 31, 2025.

16. On March 1, 2025, Plaintiffs contacted Defendant after receiving this letter to see if there were other options, but were told by Defendant nothing could be done, and they must vacate the property by March 31, 2025.

17. On March 14, 2025, Plaintiffs made a rent payment to bring their balance up to date.

18. On March 26, 2025, Defendant sent Plaintiff a text stating, in part, the following: "Reminder: You need to be completely moved out of your unit and keys turned into Jason by next Monday March 31st. Failure to vacate will result in eviction per the notice. If you don't have a place to move yet, I'd suggest renting a storage unit to move all of your belongings and check into a motel or maybe move in with a friend or family member until you can secure housing. I'd also check with Oasis to see if they have any housing options for you and your family. Staying in her unit is not an option."

19. Defendant's actions following February 27, 2025, the date that Defendant sent Plaintiffs a Notice to Quit without prior approval from the Bankruptcy Court, were willful and in full knowledge of Plaintiffs' bankruptcy filing and the Bankruptcy Court's Automatic Stay.

20. Additionally, as noted in Paragraph 12, Defendant was aware of the process to obtain relief from the Automatic Stay from the Court prior to initiating Eviction proceedings. As such, Defendant's action in sending two (2) Notices to Quit were willful and intentional acts.

21. In its actions set forth above, Defendant has violated the stay provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. § 362(a)(3).

22. Plaintiffs have suffered actual damages in the form of emotional distress because of Defendant's unlawful collection communications. Plaintiffs believed that they were protected by the Bankruptcy Code. Because of Defendant's unlawful and continued

collection campaign, Plaintiffs have suffered sleeplessness, restlessness, irritability, feelings of hopelessness, and embarrassment.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE BANKRUPTCY STAY PROVISION – 11 U.S.C. § 362(a)(3)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant violated 11 U.S.C. § 362(a)(3) by committing acts to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate, in its attempts to collect prepetition debt.

25. As a result of Defendant's violations of 11 U.S.C. § 362(a)(3), Plaintiffs have suffered actual damages not limited to sleeplessness, restlessness, irritability, feelings of hopelessness, and embarrassment in an amount to be determined at trial.

26. Defendant's conduct, actions, and inactions were willful, rendering it liable for damages, including costs and attorneys' fees, and punitive damages in an amount to be determined by the Court pursuant to 11 U.S.C. § 362(k)(1).

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays that the Court:**

a. Hold Defendant in contempt of court for knowingly, willfully, and deliberately violating 11 U.S.C. § 362(a)(3);

b. Order Defendant to cease all other collection efforts against Plaintiff;

c. Award to Plaintiff compensatory damages, sanctions, punitive damages, and attorney's fees for contempt of court and pursuant to 11 U.S.C. §§ 105(a) and 362(k); and

d. Order all other relief that is just and proper.

Respectfully submitted,

Dated: March 27, 2025  /e/ Mark L. Vavreck

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
Attorney for Debtor/Plaintiff
VAVRECK LAW, LLC
7900 International Drive
Suite 300 PMB 3345
Bloomington, MN 55425
Telephone: (612) 373-7000
Facsimile: (612) 659-9220
Email: mark@vavrecklaw.com

Wesley W. Scott, Esq.
Attorney I.D. #: 0264787
Attorney for Debtor/Plaintiff
LIFEBACK LAW FIRM, P.A.
13 7th Avenue South
Saint Cloud, MN 56301
Telephone: (320) 258-7284
Email: wes@lifebacklaw.com

## VERIFICATION OF COMPLAINT AND DECLARATION BY PLAINTIFF

I, Alyssa Schulz, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to the Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: 3/27/25

Alyssa Schulz

## VERIFICATION OF COMPLAINT AND DECLARATION BY PLAINTIFF

I, Ryan Schulz, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to the Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: 3-27-2025

_____
Ryan Schulz