RECEIVED BY MAIL

APR 3 0 2025

TIME: _____
CLERK, U.S. BANKRUPTCY COURT
ST. PAUL, MINNESOTA

March 25, 2025

Vavreck Law, LLC
Attn: Mark Vavreck
7900 International Dr, Ste 300, PMB 3345
Bloomington, MN 55425

LifeBack Law Firm, P.A.
Attn: Wesley Scott
13 7th Avenue South
Saint Cloud, MN 56301

RE:     Ryan and Alyssa Schulz v. LeMieux Properties, LLC
        District of Minnesota Bankruptcy Case No.: 23-50278
        District of Minnesota Bankruptcy Adversary Case No.: 25-05004

To Whom It May Concern:

This letter is in response to the complaint made by Ryan and Alyssa Schulz dated 3/28/2025 received by our office on April 8, 2025. We will address each numbered fact we refute in the following document.

### Fact #10

Ryan and Alyssa were behind in their post-bankruptcy rent in November 2023. They asked for a Notice to Vacate from LeMieux Properties so that they could use it to get help from various agencies. The letter we provided dated November 7, 2023 is our standard letter when tenants fall behind in rent and ask for a Notice to Vacate to get help. Ryan and Alyssa have received numerous letters similar to this prior to June 2023. We always complied with their request for the letter. In Amanda Rosback's letter dated November 8, 2023 she refers to "a check for $500 for the post-filing arears" from the county which was issued because, we assume, Ryan and Alyssa provided them the Notice to Vacate they requested from us.

This Fact also refers to an "apartment" and we want to make note this unit is a mobile home.

### Fact 11

After receiving the email, Ryan LeMieux and Ms. Grimsley had a follow-up phone conversation in November 2023. Ms. Grimsley explained we were to go through LifeBack Law Firm for all things related to pre-bankruptcy financial matters. We could address any post-bankruptcy issues with Ryan and Alyssa directly. There was never any discussion or "explaining the Plaintiffs' rights under the Automatic Stay." It was never explained that we could not issue a non-renewal of the month-to-month lease. Since November 8, 2023 we have never discussed rent with the Plaintiffs directly (even though Ms. Grimsley said we could) as we couldn't trust Ryan and Alyssa's intentions when they communicated with us. Because the non-renewal notice had nothing to do with pre-bankruptcy financial matters, it was our understanding we could send that communication directly to our tenants.

### Fact #12

That was Julie's understanding. Neither Ms. Grimsley nor Ms. Rosback ever responded to advise her to the contrary or to say her understanding was incorrect. Either one could have responded to let her know that she was incorrect and her clients' missed payments did not entitle LeMieux Properties to petition the court.

### Fact 13

In an email dated November 20, 2023, Ms. Rosback requested a ledger of post-bankruptcy rent from Julie. However, Ms. Rosback never addressed Julie's initial email where Julie stated her understanding of the relief of stay. If it was incorrect, Ms. Rosback could've explicitly explained the law at that time. We are not lawyers nor have we had any experience with understanding Bankruptcy Code.

### Fact 14

Julie's response on November 21, 2023 to Ms. Rosback's request for a ledger balance further proves LeMieux Properties wanted no communication with Ryan and Alyssa Schulz about rent whatsoever. Julie's email specifically requests Ms. Rosback communicate directly with her clients about all rent owed. This further demonstrates Julie's attempt to remove any ambiguity regarding what can and cannot be discussed. Ryan and Alyssa had full access to their online portal which showed pre- and post-bankruptcy amounts.

Julie's email to Ms. Rosback and Ms. Grimsley on November 21, 2024 says "Also, I would appreciate an update regarding their missed bankruptcy payments as I have not received a response from my Nov 8[th] email." This further demonstrates Julie was waiting to hear from Ryan and Alyssa's attorneys as to what LeMieux Properties could or could not do. Neither Ms. Rosback nor Ms. Grimsley responded to this request. Therefore to ascertain that LeMieux Properties had "willful and intentional acts" is unproven. Julie was asking if her understanding was correct to which no one responded.

### Fact 15

The notice on February 27, 2025 was a non-renewal of a month-to-month lease. Although it was our understanding that Alyssa was not living at the unit at that time, the last written lease we have on file includes her so we issued it to both tenants.

### Fact 17

The Plaintiff's post-bankruptcy balance was paid after the Non-Renewal notice was sent.

Ryan LeMieux's text is correct but contains a typo in the last sentence. Ryan meant to say "staying in your unit is not an option", not "her unit".

Again, we never received confirmation that our understanding of the automatic stay rule was correct or incorrect. We have never been through this process before therefore we reject there was or is "full knowledge" of the Bankruptcy Court's Automatic Stay rule. The letter from Ms. Rosback on November 8, 2023 discusses the "collection efforts on the pre-petition amount owed" as it related to the automatic stay. The non-renewal notice we issued to Ryan and Alyssa had nothing to do with the pre-(or post) petition amounts owed.

Prior to receiving this summons on April 8, 2025, LifeBack Law Firm never contacted LeMieux Properties to notify us the non-renewal notice was in violation of the bankruptcy filing.

Ryan Schulz called Ryan LeMieux on April 1, 2025. Ryan Schulz was recording the conversation and offered to pay $750 to stay an extra month. Ryan LeMieux said it wasn't about rent as to not violate any bankruptcy issues and it's simply a non-renewal of a month-to-month. At that time, Ryan LeMieux heard "this phone call is no longer being recorded". This further illustrates Plaintiffs attempts to bait us into violating our agreement to not discuss or accept future rent.

We disagree that we were "aware of the process" and we never initiated eviction proceedings. Julie asked Ms. Rosback and/or Ms. Grimsley to respond to her email regarding the process or what to do because their clients were in default of bankruptcy payments. Neither responded to Julie's email(s).

We wholeheartedly disagree any actions were "willful and intentional". We adhered to all requests from Plaintiffs and their attorneys the minute we were made aware. We've never dealt with a tenant(s) who has gone through bankruptcy. Our continued efforts to work with them for many, many years while being behind in rent proves we were attempting to help them along the way. The non-renewal came almost two years after their bankruptcy filing. We believe this petition was filed to intimidate and harass us into forgiving their debt with LeMieux Properties. If anything, the Plaintiffs were willfully and intentionally trying to bait Ryan and Julie LeMieux into violating the bankruptcy laws in an effort to gain a financial award.

## Fact 21

We don't believe we violated the stay provisions of the Bankruptcy Code as we never attempted to collect any pre-petition amount after contact was made by LifeBack Law Firm. In addition, if the November 7, 2023 Notice to Vacate is considered a violation, that notice was issued at the request of the Plaintiffs.

## Fact 22

We believe the Plaintiffs were not protected by the Bankruptcy Code because the Notice to Vacate was at their request to get rent assistance. We issued a non-renewal of a month-to-month lease which had nothing to do with rent owed. In a Google search of "can you non-new a month to month lease in Minnesota if bankruptcy filed" prior to the February 27, 2025, AI generated "Yes, in Minnesota, a landlord can choose not to renew a month-to-month lease, even if the tenant has filed for bankruptcy, as long as the tenant is current on rent payments and has not violated other lease terms. However, bankruptcy filings can potentially affect the landlord's ability to evict the tenant for non-payment of rent." On February 27, 2025, the Plaintiffs were not current with their rent. Regardless, LeMieux Properties or any of its agents never requested rent from Ryan or Alyssa Schulz after November 7, 2023, which again was the letter they requested. Furthermore, there was never a "continued collection campaign". Ryan or Julie LeMieux never, on their own accord, requested pre-bankruptcy money owed by Ryan and / or Alyssa Schulz after June 2023.

We feel the following are other important facts that are relevant to everyone's understanding of this case.

- LeMieux Properties has never been a plaintiff in any bankruptcy proceedings prior to Ryan and Alyssa Schulz.

- LeMieux Properties has never started eviction proceedings or filed an Unlawful Detainer with Morrison County on Ryan and /or Alyssa Schulz.

- On October 27, 2022 in a text message from Alyssa Schulz to Ryan LeMieux, Alyssa confirms she moved out of the unit in May 2022 (600 Lindbergh Drive NW, C-4, in Little Falls).

- Plaintiffs were in default of their pre-petition payments. LeMieux Properties never received confirmation on how to proceed.

- Since the November 8, 2023 letter from Ms. Rosback (emailed from Ms. Grimsley) notifying us to cease collection efforts LeMieux Properties has never contacted Ryan or Alyssa Schulz about any amount owed.

- Plaintiffs were on a month-to-month lease. LeMieux Properties did not renew their month-to-month lease which is our understanding as landlords, is within our rights.

- Alyssa Schulz has made several written and verbal requests to Ryan LeMieux, for the same notice that the Plaintiffs are now claiming to have caused them emotional distress. Plaintiffs have used these notices to receive assistance from a variety of sources throughout the years.

Generally speaking, and we're not licensed mental health professionals, but sleeplessness, restlessness, irritability, feelings of hopelessness, and embarrassment have many sources of origin. For example, tumultuous relationships, criminal accusations, orders for protection, sexual and emotional abuse, separations, job changes, health problems, financial matters, etc.

In summary, we believe Ryan and Alyssa Schulz maliciously baited us into violating their bankruptcy agreement so that they could claim damages. LeMieux Properties has complied with LifeBack Law Firm's request to communicate with them regarding anything that involves Ryan and Alyssa's pre-petition bankruptcy proceedings. We complied fully after being put on notice.

Sincerely,

Ryan LeMieux
Owner

Julie LeMieux
Owner

Cc:   Minnesota Secretary of State Office
       332 Minnesota Street, Suite N201
       St. Paul, MN  55101